C. Brewer Puerto Rico, Inc., now C. Brewer Caribe, Inc., Petitioner, *v.* Superior Court of Puerto Rico, Humacao Part, José Dávila Ortiz and Celestino Velilla Mercado, Respondents.

No. O-67-234.    Decided May 24, 1968.

*McConnell, Valdés, Kelley & Sifre* and *Baltazar Corrada* for petitioner.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

Mr. Justice Blanco Lugo delivered the opinion of the Court.

On January 9, 1964 Celestino Velilla Mercado filed a complaint against C. Brewer of Puerto Rico, Inc., claiming hours worked in excess of the legal working day during the period comprised between January 1954 and December 1963, and the amount of ten dollars weekly—without stating the reason therefor—from January 1, 1957 till the time the action was filed. In its answer defendant opposed, among other things, the demurrer of res judicata invoking the final judgment rendered by the same court in civil case CS-63-105, entitled *Pedro Acosta Maldonado et al. v. C. Brewer Puerto Rico, Inc.*

At the hearing held for the special defense of res judicata, defendant offered, and it was admitted in evidence, the original record of the aforementioned case CS-63-105. An

examination of the pertinent part thereof reveals that on November 30, 1962, a group of defendant's employees, among them Velilla Mercado, brought a claim on account of differences in wages corresponding to the seventh day, and on account of change of shifts for the period between the years 1953 and 1962. On December 12, 1963 the parties submitted a stipulation to the court's consideration, with the approval of the Secretary of Labor, so that it would render judgment in favor of plaintiffs for the total amounts to which they were entitled for the extra hours allegedly worked according to the payroll entries, without including any additional amount as penalty. It was also agreed that "The acceptance by each plaintiff of the amounts which appear in the appendix of this stipulation shall constitute the most complete release in favor of defendant for any claim which there might be against defendant for work performed for it or its predecessors during the years 1953 to 1962, both inclusive, without prejudice only to what was agreed upon in paragraph 8 of this stipulation."[1] Judgment was rendered accordingly including an express pronouncement incorporating the provision for release of claims covering the years 1953 to 1962. Three weeks after the judgment was rendered, the action, which gave rise to the present appeal, was brought.

In deciding the question raised, the trial court stated that the defense invoked is not applicable to the action brought on the grounds that the claims for wages are clothed with public interest, and on the provision which declares the non-waiver of the right to claim compensation for extra hours. It concludes by making reference to the doctrine of this Court which denies the availability of the defense of res judicata

---

[1] It refers to an agreement in order that the Bureau of Labor Standards of the Department of Labor would revise the payrolls to determine the correctness of the computation of the extra hours made by defendant. A term of two years was fixed therefor.

to the controversies in which reasons of public policy are involved. An appeal was taken.

It is advisable to explain that we are not dealing here with an assumption of waiver of the additional compensation for the work performed in excess of the legal working period,[2] nor with a compromise of a claim stemming from the labor contract.[3] Defendant invokes the judgment rendered in the previous suit not as a waiver to[4] or as a compromise of the present claim. Its whole objection to plaintiff's claim is that the latter cannot split his cause of action, and that in so doing, he is subject to the defense of res judicata. Since *Avellanet* v. *Porto Rican Express Co.*, 64 P.R.R. 660, decided in 1945, we have accepted the application of this doctrine to wage claims.[5] We see no reason or grounds for varying it. Any juridical disturbance, which its application could give

---

[2] Section 12 of Act No. 379 of May 15, 1948, 29 L.P.R.A. § 281, states that the additional compensation for the extra hours worked may not be waived, and that any stipulation or clause by virtue of which the employee agrees to waive the payment of the additional compensation for extra hours shall be void. See *Compañía Popular* v. *District Court*, 63 P.R.R. 116 (1944).

[3] See *American Colonial Broadcasting Corporation* v. *Superior Court*, 94 P.R.R. 270 (1967).

[4] In discussing the general provision of § 4 of the Civil Code which rejects the waiver of the rights granted by law when they are contrary to public interest and policy, Manresa states that the benefits granted to the employee by the social legislation may not be waived. He adds: "But it is necessary to distinguish the unlawful waiver in the labor contract, from the legal one originated in a subsequent act, performed with full liberty to accept or not the due amounts [citation], the employee being able to compromise and yield his rights once they are merged [citations]." I *Comentarios al Código Civil Español* 179 (1956 ed.).

[5] *Avellanet* v. *Porto Rican Express Co.*, supra, has prevailed since 1945 without there being any attempt of legislative action to set it aside. *Cf.*, among others, *Sec. of Labor* v. *Superior Court*, 91 P.R.R. 831 (1965) and Act No. 106 of June 6, 1967 (Sess. Laws, p. 342); *Cassasús* v. *Escambrón Beach Hotel*, 86 P.R.R. 356 (1962) and Act No. 103 of June 6, 1967 (Sess. Laws, p. 336); *Medina* v. *Unión Obreros Cervecería Corona*, 86 P.R.R. 609 (1962) and Act No. 11 of April 26, 1963 (Sess. Laws, p. 15); *Valiente & Cía.* v. *District Court*, 68 P.R.R. 36 (1948) and Act No. 150 of May 1, 1950 (Sess. Laws, p. 406).

rise to, does not cause a notable resentment in the social order.

It is not venturesome to state in the specific case we are considering—in examining the chronological order of the actions—that the plaintiff, while the first suit was pending, had full knowledge of the existence of the claim on which his present legal action is based. He preferred to wait for judgment to be rendered to attempt later a new claim, thus splitting his cause of action. *Cf. Feliciano Ruiz* v. *Alfonso Development Corp., post*, p. 105.

The order issued by the Superior Court, Humacao Part, on June 20, 1967, will be set aside, and the case will be remanded for further proceedings consistent with this opinion.